## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Edward Milner,                          Case No. 21-CV-1952 (DSD/HB)

                    Plaintiff,

v.                                      **REPORT AND RECOMMENDATION**

Rochester Minnesota Police Department;
DFO Community Corrections Pre-Trial
Release; and St. Paul Minnesota Police
Department,

                    Defendants.

Plaintiff Edward Milner, a prisoner of the Olmsted County Adult Detention Center, brought this action seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. *See generally* Compl. [ECF No. 1].  On review of Milner's pending application to proceed *in forma pauperis* ("IFP"), the Court noted that the complaint submitted by Milner likely did not state a claim on which relief could be granted.  *See* ECF No. 4.

Not long thereafter, Milner submitted a document that was labeled as a motion to amend the complaint but, in substance, appeared to be itself an amended pleading.  *See* ECF No. 6.  Because it was unclear whether Milner intended for this document to act as a pleading, the Court granted the motion to amend and permitted Milner to submit a new pleading, if he wanted, by no later than October 19, 2021.  The Court also explained that if Milner did not submit a new pleading, the document labeled as a motion to amend the

1

complaint would be regarded as the operative pleading in this matter, consistent with what appeared to be Milner's intent.  *See* ECF No. 9.

Since that time, Milner has not submitted to the Court any new document that could reasonably be construed as a pleading.  By all indications, then, Milner intended for the document labeled as a motion to amend [ECF No. 6] to act as the operative pleading in this matter.  The Court will therefore regard this document as an amended complaint.

Because Milner is a prisoner, the amended complaint is subject to review under 28 U.S.C. § 1915A, which provides that "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id.* at 570.  In

2

assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Milner's amended complaint is longer and, in some respects, more detailed than his original pleading. In the amended complaint, Milner alleges that mostly unnamed law-enforcement officials have subjected him to harassment and stalking on several occasions. The following is a representative example of the factual allegations:

> (4) Before I was incarcerated as of recent [Rochester Police Department] pulled me over on foot, [stating] I was acting so erratic and that someone called the police on me because they felt worried.
>
> Of which you could tell in their body language and words was actions that was and is unlawful in the violations of my 4th and 14teenth amendments.

Am. Compl. at 3-4 [ECF No. 6] (quotations omitted). To the extent that Milner attempts to bring claims pursuant to § 1983 based on allegations like these, there are several problems. None of the governmental entities named as defendants to this action appear to be amenable to suit under § 1983. *See, e.g.*, *De La Garza v. Kandiyohi County Jail, Correctional Inst.*, 18 F. App'x 436, 437 (8th Cir. 1996) (per curiam). Even if Milner had named as a defendant any governmental entity that *can* be sued — for example, the City of Rochester itself, rather than the Rochester Police Department — "[a] Section 1983 claim against a municipality cannot be based on vicarious liability." *Ash v. Duluth*, 331 F. Supp. 935, 940 (D. Minn. 2018). Milner must instead allege that the

municipality itself has acted unlawfully, such as through the perpetuation of an unlawful custom or policy. *Id*. The amended complaint includes no such allegations. And perhaps most importantly, the factual allegations do not establish beyond conclusory terms that Milner's constitutional rights were, in fact, violated. The fact that Milner was stopped by law enforcement after a third party reported that he was acting erratically does not by itself necessarily imply that the stop was effected in violation of Milner's constitutional rights.

Much of the amended complaint follows this same pattern and may be dismissed on the same grounds, but two allegations brought by Milner come closer to stating a viable claim for relief and therefore require further analysis. First, Milner alleges that an "Officer Kruger" attempted to access his phone "in order to . . . destroy evidence" regarding "the [unlawful] behavior by the police." Am. Compl. at 6. This allegation is less conclusory than much of the rest of the pleading; Milner here has at least alleged that a specific law-enforcement officer has engaged in specific conduct that might reasonably be inferred to be unlawful. That said, the allegation still falls short of establishing a viable claim for relief. The allegation does not relate to a policy or custom of wrongful behavior such that a proper governmental entity could be held liable for the conduct under § 1983; Kruger himself has not been named as a defendant to this action;[1] and the

---

[1] Even if the amended complaint were read as implicitly naming Kruger as a defendant, Milner has not expressly stated that Kruger has been named in his individual capacity, *see Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995), and thus any claim brought against Kruger would be brought only against him in his official capacity as an agent of the governmental entity of which he is employed (which is unclear from the complaint).

allegation that Kruger "[tried] to access" Milner's phone is too vague to establish what, specifically, Kruger is being alleged to have done. *Id*.

Second, Milner alleges that "[t]he same Officer Kruger did not read me my [*Miranda*] warning before be took my statements of when he used for probable arrest." Am. Compl. at 6 (cleaned up). Again, Milner here at least alleges that a specific individual is responsible for specific wrongdoing. But a *Miranda* violation does not give rise to liability under § 1983. *See Hannon v. Sanner*, 441 F.3d 635, 636-37 (8th Cir. 2006). "[T]he remedy for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a section 1983 action." *Warren v. City of Lincoln*, 864 F.2d 1436, 1442 (8th Cir.1989) (en banc). Milner has failed to state a claim on which relief may be granted as a matter of state law.

The amended complaint may also be interpreted as raising claims pursuant to state law; in fact, Milner expressly refers to the Minnesota Government Data Practices Act in the pleading, *see* Am. Compl. at 8, and other state-law claims are implied by the factual allegations presented by Milner. But unlike with the claims under § 1983, the Court lacks original jurisdiction over the state-law claims. No federal question of law is presented by the state-law claims, *see* 28 U.S.C. § 1331, and Milner does not allege that the parties are of diverse citizenship, *see* 28 U.S.C. § 1332(a). Moreover, the Eighth Circuit has instructed district courts not to exercise supplemental jurisdiction over state-law claims where, as recommended here, all federal-law claims are dismissed prior to trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

Accordingly, it is recommended that the entirety of the complaint be dismissed without prejudice — the federal-law claims pursuant to § 1915A, and the state-law claims for lack of subject-matter jurisdiction.  Milner's pending application to proceed IFP, motion to compel discovery (which was in any event filed prematurely), and motion for default judgment (which was also filed prematurely, service of process never having been effected in this matter) may also be denied in conjunction with the dismissal of this action.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.    This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A.

2.    The application to proceed *in forma pauperis* of plaintiff Edward Milner [ECF No. 2] be DENIED.

3.    Milner's motion to compel discovery [ECF No. 5] be DENIED.

4.    Milner's motion for default judgment [ECF No. 11] be DENIED.

Dated: November 16, 2021                    s/*Hildy Bowbeer*
                                            HILDY BOWBEER
                                            United States Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).